UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No.: | 5:26-cv-4485-RAO | Date: | October 8, 2026 |
| Title: | Karapet Gevorgian v. Warden, Adelanto ICE Process Center, et al. | | |

Present: The Honorable ROZELLA A. OLIVER, U.S. MAGISTRATE JUDGE

| C. Delgado | N/A |
|---|---|
| Deputy Clerk | Court Reporter/Recorder: N/A |
| Attorneys Present for Petitioner: | Attorneys Present for Respondents: |
| N/A | N/A |

**Proceedings:** (In Chambers) **ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

1. Introduction

Petitioner, currently in immigration custody and represented by counsel, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, on August 8, 2026. Dkt. No. 1 ("Pet."). Respondents filed an Answer on August 17, 2026. Dkt. No. 10 ("Ans."). Petitioner filed a Reply on August 22, 2026. Dkt. No. 11. Petitioner filed an Ex Parte Application for a Temporary Restraining Order alleging new circumstances in support of granting the petition. Dkt. No. 12.

2. Factual Background

Before his current detention, Petitioner has lived in the United States for three years, arriving in March 2023, and subsequently being issued a Form I-94. Pet. at 2. Since his arrival, he has established substantial family, business, and community ties. *Id.* Petitioner has no criminal convictions, but has a history of criminal misdemeanor arrests (but no charges or convictions). *See* Dkt. No. 10-3; Ans. at 3. On July 18, 2026, Immigration and Customs Enforcement ("ICE") detained Petitioner as part of a targeted enforcement operation as he left a county jail and placed him in custody at Adelanto ICE Processing Center where he remains.[1] Pet. at 2; Ans. at 3. Petitioner has been detained now for over two months.

[1] As noted in Petitioner's pleadings, no criminal charges have been filed against Petitioner since he was released from county jail. *See generally* Reply.

The Petition asserts a procedural due process claim. Pet. at 6-11.

3. Discussion

A writ of habeas corpus may be granted to a petitioner who demonstrates to be in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). A district court's habeas jurisdiction includes challenges to immigration detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

Petitioner claims his detention without a pre-detention hearing violates the Fifth Amendment and his rights to procedural due process. Pet. at 7. Procedural due process claims follow a two-step framework: First, determine whether an individual has a protected liberty interest; second, examine what procedures are necessary to ensure that any deprivation of that interest is constitutional. *See Johnson v. Ryan*, 55 F.4th 1167, 1179 (9th Cir. 2022). In analyzing the second step, many courts have turned to the factors outlined in *Mathews v. Eldridge*, 424 U.S. 319 (1976). *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206–07 (9th Cir. 2022). Those factors consider (1) the private interest affected, (2) the risk of an erroneous deprivation of that interest, and (3) the government's interest involved, including any fiscal or administrative burden that additional procedures would entail. *Matthews*, 424 U.S. at 335.

*a. Protected Liberty Interest*

Petitioner retains a general liberty interest in freedom from detention. *See Zadvydas*, 533 U.S. at 690 ("Freedom from imprisonment . . . lies at the heart of the liberty [that due process] protects."). The Ninth Circuit has expressed "grave doubts" regarding the constitutionality of "arbitrary prolonged detention[s] without any process." *Rodriguez v. Marin*, 909 F.3d 252, 256 (9th Cir. 2018). Here, Petitioner was released by immigration authorities after he arrived in this country in March 2023. As set forth in the Petition, Petitioner has built strong family, business and community ties. Respondents do not contradict or challenge these facts. Thus,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No.: | 5:26-cv-4485-RAO | Date: | October 8, 2026 |
| Title: | Karapet Gevorgian v. Warden, Adelanto ICE Process Center, et al. | | |

Petitioner has acquired a protected liberty interest. Determining what process the government should afford him turns on a *Mathews* analysis.

b. *Mathews* Analysis

First, Petitioner has a substantial private interest in his own liberty that is adversely affected by his current detention. Second, the risk of erroneous deprivation is high given that Petitioner has not received any opportunity to be heard as to the justification of his detention, either pre- or post-deprivation of liberty. Because civil immigration detention is "nonpunitive in purpose and effect," justification for the current detention must outweigh Petitioner's protected liberty interest for detention to pass muster under due process. *See Yovani v. Warden of the Central Valley Annex Detention Facility,* 2026 WL 2168402, at *4 (E.D. Cal. July 27, 2026). Third and last, although the government has an interest in enforcing immigration laws and in public safety, its interest in detaining Petitioner without a procedural safeguards is "low." *See Ortega v. Bonnar*, 415 F. Supp. 3d 963, 970 (N.D. Cal. 2019); *Doe v. Becerra*, 787 F. Supp. 3d 1083, 1094 (E.D. Cal. 2025). As numerous courts have observed, detention hearings in immigration courts are routine and impose a "minimal cost." *Doe*, 787 F. Supp. 3d at 1094.

In sum, the Court finds that the *Mathews* factors weigh in favor of a finding that Petitioner was entitled to more process than he received. The Court concludes that the remedy for the due process violation is Petitioner's immediate release. While this Court previously has found that post-detention bond hearings can be an appropriate remedy for the constitutional harm suffered by other non-citizens similarly situated to Petitioner, it is persuaded by the growing body of case law in this District and across the Ninth Circuit that the constitutional deprivation here warrants a stronger corrective measure. Petitioner has built a life in this country and established strong connections. While he has a criminal history, he has no criminal convictions and, at present, no pending criminal charges have been brought against him. The Court does not find that Petitioner's criminal history merits a more conservative remedy, i.e., the ordering of a bond hearing, to cure the constitutional deprivation that has occurred. *Cf. Reyes v. Hernandez*, 2026 WL, at *6 (W.D. Wash.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 5:26-cv-4485-RAO Date: October 8, 2026
Title: Karapet Gevorgian v. Warden, Adelanto ICE Process Center, et al.

Mar. 25, 2026) (ordering a bond hearing as the remedy for procedural due process violation under *Mathews* where petitioner had been arrested and charged with a crime after their initial release).

4. Conclusion

For the reasons set forth above, the Court GRANTS the Petition and ORDERS as follows:

1. Respondents must IMMEDIATELY RELEASE Petitioner Karapet Gevorgian (A#241-013-601). At the time of release, Respondents must return Petitioner's documents and possessions. Respondents must file a notice of compliance within 2 business days of this Order.
2. Respondents are ENJOINED from re-detaining Petitioner absent strict compliance with the requirements of due process and all applicable statutes and regulations.
3. Petitioner's Ex Parte Application for Temporary Restraining Order is DENIED as moot.
4. The Clerk of the Court shall enter judgment in favor of Petitioner and close this case.

**IT IS SO ORDERED.**